```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| BILLY ROWE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 07-348-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, COMMISSIONER | ) **MEMORANDUM OPINION AND ORDER** |
| OF SOCIAL SECURITY, | ) |
| | ) |
|     Defendant. | ) |

                      ** **   ** **   ** **   ** **   ** **

This matter is before the Court on cross motions for summary judgment [Record Nos. 9 and 10][1] on Plaintiff's appeal of the Commissioner's denial of his application for Social Security disability benefits and Supplemental Security Income (SSI).  The Court having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant the Commissioner's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Billy Rowe, filed a timely request for hearing after being denied requests for Supplemental Security Income payments.  On October 27, 2006, Plaintiff appeared before Administrative Law Judge (hereinafter, "ALJ") Frank Letchworth for an administrative hearing.  ALJ Letchworth denied Plaintiff's

---

[1] These are not traditional Rule 56 cross motions for summary judgment.  Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

application. ALJ Letchworth's determination became the Commissioner's final decision when the Appeals Council denied review.

At the time of the ALJ's decision, Plaintiff was 42 years old, he attended school through the eighth grade, and is illiterate. Plaintiff has work experience in a saw mill as a chipper, trimmer and saw operator. (Transcript of Record, "TR" 70-71). Plaintiff claims that he became disabled on June 1, 2004, due to a combination of impairments, including coronary artery disease, hypertension, and diabetes. (TR 20-21). ALJ Letchworth found as follows:

> I find the claimant retains the residual functional capacity to perform a range of light exertional work which does not involve exposure to temperature extremes, excessive humidity, unprotected heights, hazardous equipment; or requires climbing of ladders, ropes or scaffolds or operating a motor vehicle. The claimant is restricted to work that does not require the ability to read. He is limited to work that does not involve more than 1-2 step instructions, more than occasional and superficial interaction with other persons; or production rate work.

(TR 23).

In this appeal Plaintiff does not contend that the residual functional capacity which the ALJ adopted is not supported by substantial evidence. Rather, Plaintiff argues that the ALJ's decision does not comply with the Social Security Ruling 00-4p and that the vocational expert testimony does not carry the Commissioner's burden of proof at the final step in the sequential evaluation process.

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts the following five-step analysis:

1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled. If so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security,* 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health and Human Servs.,* 14 F.3d 1107, 1110 (6th Cir. 1994).

## III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. §405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health and Human Servs.* 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

**IV. ANALYSIS**

During the administrative hearing in question the ALJ asked the vocational expert to assume a person of Plaintiff's age and work experience, limited to a reduced range of light work, and "no literacy whatever." (TR 304). The vocational expert responded that examples of jobs that such a person could perform include a "cleaning position" and a "Material Handler." (TR 305). The ALJ then asked the vocational expert if there was any inconsistency between his testimony and the DOT, and the expert responded that the DOT did not contemplate a sit-stand option. (TR 306).

Plaintiff argues that for the jobs mentioned by the vocational expert, the DOT places the language level in those jobs at level two, indicating some ability to read. Plaintiff contends that because he is illiterate, a conflict, which was never contemplated or resolved by the ALJ, exists between the vocational expert's opinion and the information in the DOT. Plaintiff argues that this inconsistency requires remanding the case because the Commissioner never did not meet his burden of proving that work exists in the national economy that Plaintiff can perform.

The Court finds that the ALJ satisfied its requirements under the SSR 00-4p and that the ALJ's decision is supported by substantial evidence as a whole.

In evaluating the functional requirements of potential jobs, the ALJ may either rely upon publications such as the DOT, or call upon the services of a vocational expert. *See* 20 C.F.R. §§ 404.1566(d), (e), 416.966(d), (e) (2007). Social Security Ruling 00-4p requires that, "[w]hen vocational evidence provided by a vocational expert or vocational specialist is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the vocational expert or vocational specialist evidence to support a determination or decision that the individual is or is not disabled." 20 WL 1898704 (S.S.A). However, SSR 00-4p does not address what to do when a conflict is not apparent. In this case the ALJ asked the vocational expert if there was a conflict. (TR 306). The vocational expert failed to mention the

conflict between the language levels contemplated by the DOT and Plaintiff's literacy. (TR 306). The Sixth Circuit has held that this type of error does not require reversal of the ALJ's decision. In *Martin v. Commissioner of Social Security* the court held that, "nothing in SSR 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." 170 Fed.Appx. 369, 374-75 , 2006 WL 509393 at **5(6th Cir. 2006)("Once the ALJ asked the vocational expert if her testimony was consistent with the DOT, the ALJ satisfied its requirements under the SSR 00-4p. It was [Plaintiff's] duty, acting through counsel, to present his case to the ALJ"). Plaintiff's counsel should have brought the conflict to the attention of ALJ. Without knowledge of the conflict, the ALJ was under no obligation to explain how the conflict was resolved. *Id.*

Furthermore, according to the DOT, a person must be somewhat literate in order to work. The lowest level of language development the DOT recognizes is a ranking of 1, which constitutes the following: "Reading: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95-120 words per minute." Department of Labor, *Dictionary of Occupational Titles* (4th ed. 1991) at Appendix C. The DOT simply does not take illiterate individuals into consideration. However, commonsense and the regulatory medical-vocational guideline sections tell us that many

illiterate people can and do work.[2]  *See e.g.*, 20 C.F.R. pt. 404, subpt. P, app. 2, § 202.00(g)(2008).  In situations such as these the Sixth Circuit has held that the ALJ is entitled to accept the testimony of a vocational expert without having to rely on the DOT. *See Strong v. Social Sec. Admin., 88 Fed.Appx*. 841, 847 (6th Cir. 2004)("An ALJ may rely on vocational expert testimony notwithstanding contrary conclusions in the DOT if the expert is found to be credible, and the question posed to the expert accurately reflects the claimant's physical and mental limitations.")(citing *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994))).  In this case, the hypothetical posed to the vocational expert accurately reflected Plaintiff's limitations.  After considering those limitations the vocational expert found that work exists in the national economy that Plaintiff could perform. Therefore, the ALJ's reliance on the vocational expert's testimony was not in error and the fifth step in the sequential evaluation process was met.

The Court finds that the Commissioner's decision is supported by substantial evidence and decided by the proper legal standards.

### V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

---

[2] The language level for Plaintiff's previous job as a chipper operator as is listed in the DOT as level two.  Thus, by Plaintiff's reasoning, he was not capable of performing the job that he actually performed.

(1) That Plaintiff's motion for summary judgment [Record No. 9] be, and the same hereby is, **DENIED**; and

(2) That the Commissioner's motion for summary judgment [Record No. 10] be, and the same hereby is, **GRANTED**.

This the 10th day of April, 2008.



**Signed By:**
*Joseph M. Hood*
**Senior U.S. District Judge**